08-6081-ag
Chen v. Holder

BIA
LaForest, IJ
A095 530 701

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February,two thousand ten.

PRESENT:
ROSEMARY S. POOLER,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

YING CHEN,
        *Petitioner*,

        v.                                08-6081-ag
                                          NAC

ERIC H. HOLDER JR.,*
U.S. ATTORNEY GENERAL, BOARD OF
IMMIGRATION APPEALS,
        *Respondents*.

_____

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark R. Filip as a respondent in this case.

FOR PETITIONER:          Farah Loftus, Century City,
                         California.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General, Civil Division, Stephen J.
                         Flynn, Assistant Director, Jeffrey
                         R. Meyer, Attorney, Office of
                         Immigration Litigation, U.S.
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Chen, a native and citizen of the People's Republic of China, seeks review of a November 26, 2008 order of the BIA affirming the October 22, 2007 decision of Immigration Judge ("IJ") Brigitte LaForest denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Chen*, No. A095 530 701 (B.I.A. Nov. 26, 2008), *aff'g* No. A095 530 701 (Immig. Ct. N.Y. City Oct. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes

-2-

particular aspects of that decision, we will review both the BIA's and IJ's opinions – or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir. 2008).

Substantial evidence supports the IJ's determination that Chen was not credible. Chen admitted that she lied under oath about a previously filed fiancee relative petition. An IJ may properly conclude that an applicant's willingness to lie under oath "infect[s] the balance of [her] uncorroborated or unauthenticated evidence," *Siewe v. Gonzales*, 480 F.3d 160, 170-71 (2d Cir. 2007), and Chen's explanation for lying was not so compelling that the IJ erred by declining to credit it, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Additionally, substantial evidence supported the IJ's finding that Chen was unable to provide a reasonable explanation for any of the following discrepancies: (1) while Chen testified that she worked at a factory in October 2005, when she was allegedly forced to submit to an abortion, a biographic information form in the record provided no such information; (2) Chen's household registration did not indicate that she worked as an accountant at a factory; and (3) although Chen testified that she had paid the 5000 RMB fine that the family planning authorities had levied against her, the letter from her mother failed to include that information. The BIA did not err in holding that, under the REAL ID Act, the IJ was entitled to rely on the cumulative effect of these discrepancies, without regard to whether they "go[] to the heart of [Chen's] claim," in finding that Chen was not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163 (2d Cir. 2008).

Finally, because Chen's claims for withholding of removal and CAT relief are based on the same factual predicate as her asylum claim, this adverse credibility determination defeats all of Chen's claims.  *See Paul v.*

-4-

*Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk